IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

M.B. by his next friend Ericka )
Eggemeyer; E.S. by her next friend A.S.; )
Z.S. by her next friend S.H.; K.C. )
by her next friend Kris Dadant; )
A.H. by her next friend Kealey )
Williams, for themselves and those )
similarly situated, )
        Plaintiffs, )
         )
   v. ) No. 2:17-cv-04102-NKL
         )
Steve Corsi in his official )
capacity as Acting Director of )
the Missouri Department of )
Social Services; Tim Decker, in his )
official capacity as Director of the Children's )
Division of the Missouri )
Department of Social Services, )
         )
        Defendants. )

**ORDER**

    Defendants move to compel the production of documents and information that Plaintiffs have withheld on the basis of the psychotherapist-patient privilege. The documents at issue consist of notes taken by Kealey Williams, the minor A.H.'s next friend in this action, who has acted as a therapist to A.H. at various times. *See* Doc. 138-1. Also at issue are responses to deposition questions that Ms. Williams declined to answer, concerning A.H.'s biological father's abusive conduct. Doc. 142 (Williams Depo. Tr.), 71:10-72:18, 116:18-117:15.

    In an April 6, 2018 teleconference convened to discuss the discovery dispute, the Court ruled that: (1) pursuant to statute and case law, the psychotherapist-patient privilege applies; (2) the privilege was not waived by the filing of this action; (3) to the extent that the notes Defendants sought contain relevant material, the probative value of such material would be

1

minimal, and would be outweighed by the very serious harm that would befall the child if the material were disclosed; and (4) Plaintiffs' production of selected materials that were already available to Defendants did not waive the applicable privilege. Doc. 127. However, the Court gave Defendants leave to further argue the issue of whether the State has a right, either contractually, as the party paying the therapist, or as the legal custodian of the child, to access the private information shared between the child and the therapist. *Id.*

I. **ANALYSIS**

At the outset, Defendants argue that Plaintiffs bear the burden of establishing the privilege. However, the Court has already found that the psychotherapist privilege applies. Doc. 127. The burden on this motion therefore has shifted to Defendants. To succeed, Defendants must establish that the State's status either as the child's legal custodian or as the payer of the therapist's fees creates an exception to the privilege. However, Defendants identify no law that suggests that a child's psychotherapist privilege does not apply as to his or her legal custodian. The mere statement that "Defendants are unaware of any binding precedent walling off the legal custodian of a minor—for privilege reasons, alleged 'conflict' reasons, or otherwise—from communications with the minor's therapist" (Doc. 138, at 2) is not sufficient to overcome the privilege that the Court has already found applies.

In fact, various courts have concluded that a legal parent does not have the right to assert or waive a privilege on behalf of a child who is in an adversarial position. *See, e.g., State ex rel. Wilfong v. Schaeperkoetter*, 933 S.W.2d 407, 409 (Mo. 1996) ("A parent, as natural guardian, would have the right to claim the privilege on behalf of his child when it would be to the best interests of the minor to do so. However, where the privilege is claimed on behalf of the parent rather than that of the child, or where the welfare and interest of the minor will not be protected, a

2

parent should not be permitted to either claim the privilege or, for that matter, to waive it.") (quotation marks and citations omitted); *L.A.N. v. L.M.B.*, 292 P.3d 942, 948-49 (Colo. 2013) (holding that "county department of human services should not hold the child's psychotherapist-patient privilege because," given that it "participates as an adversarial party in defending its dependency and neglect petition," "its duties could conflict with the child's interest in maintaining the confidentiality of therapeutic communications"); 81 Am. Jur. 2d Witnesses, § 453, Waiver on Behalf of Child ("A parent is allowed to waive the physician-patient privilege held by a child only where this is consistent with the child's interests and welfare."). Defendants' argument that they are entitled to the privileged material because Missouri is the legal custodian of A.H. thus fails.

Defendants next argue that, because "Defendants are the ones who hired the Next Friend in the first place, and who continue to pay for the Next Friend's services as A.H.'s therapist," they should have unfettered access to A.H.'s psychotherapy-related information. Doc. 138, at 2. Defendants note that "[t]he Next Friend's contract with Defendants states that all providers are required to maintain 'medical records to fully disclose services rendered to Title XIX Medicaid recipients,' and such records 'shall be made available on request' by an authorized representative of 'the Department of Social Services[.]'" *Id.* Defendants argue that, "[b]ecause A.H. has not yet reached the age of consent herself, the Next Friend effectively is A.H. for purposes of this litigation, thereby making the agreement binding."

As a preliminary matter, the agreement with Ms. Williams that Defendants quote concerns Medicaid billing and related recordkeeping. *See* Doc. 138-2 ("Missouri Department of Social Services, Division of Medical Services, Title XIX Participation Agreement for Medical Services"). Indeed, the paragraph that Defendants quote specifies that the documents to be retained "include all records and documents required by applicable regulation and Medicaid manual and bulletin

provisions." *Id.*, ¶ 6. The agreement does not permit Defendants unfettered access to Ms. Williams' records for purposes unrelated to billing. *See* Mo. Rev. Stat. § 208.155 ("[A]ny disclosure of such information [concerning recipients of medical assistance] shall be restricted to purposes directly connected with the administration of the medical assistance program."). To find otherwise would illogically permit the State of Missouri unlimited access to all otherwise privileged communications between psychotherapists and patients, insofar as those services were billed through Medicaid.

Furthermore, the agreement between Defendants and Ms. Williams concerning recordkeeping relating to the provision of billed services has nothing to do with the psychotherapist privilege between Ms. Williams and A.H.—which only A.H. can waive. Defendants' suggestion that Ms. Williams' participation in this litigation as A.H.'s next friend makes the purported waiver in the billing-related agreement binding in this litigation is meritless. Ms. Williams' assent to Department of Social Services billing policies in relation to her professional work is unconnected with her representation of A.H. in this litigation. *See, e.g., Criswell v. City of O'Fallon, Mo.*, No. 06-01565, 2008 WL 250199, at *3 (E.D. Mo. Jan. 29, 2008) (holding that only the party to whom the privilege belongs may waive the privilege and that the capacity in which one is party to a privileged communication is relevant to whether a privilege may be waived). Ms. Williams' conduct in her personal capacity can no more waive A.H.'s rights than the Defendants in their personal capacities can bind the State of Missouri.

Defendants' argument that privilege does not apply in proceedings involving abuse or neglect is misplaced. Defendants cite Section 210.140 of the Missouri Revised Statutes, which provides, in relevant part:

> Any legally recognized privileged communication, except that between attorney and client or involving communications made to a minister or clergyperson, shall

4

> not apply to situations involving known or suspected child abuse or neglect and shall not constitute grounds for failure . . . to give or accept evidence in any judicial proceeding relating to child abuse or neglect.

MO. REV. STAT. § 210.140. Defendants argue that, because the proposed class in this case includes those under the age of 18 who enter foster care "following reports that they have suffered child abuse or neglect," Doc. 22, ¶ 67, the psychotherapist-patient privilege cannot apply here. However, even if this state law exception were to apply in this federal case, this action does not relate to child abuse or neglect. Notwithstanding the definition of the putative class, this action concerns whether the state should ensure and has ensured the appropriate and safe administration of psychotropic medications to children in foster care. The cited exception therefore does not apply.

Finally, the Court turns to Defendants' argument that three documents dated between October 2015 and August 2016 are not privileged simply because Ms. Williams "testified that she was not serving as A.H.'s therapist during that time." Plaintiffs submit a declaration by Ms. Williams specifying that, although she "was not regularly seeing A.H. for therapy" during that time period, she "did provide brief therapy sessions for A.H." on the dates in question. Doc. 148-1. Ms. Williams explains that she "forgot about the therapy sessions" on those dates "because th[]e dates were outside of the time periods when [she] was regularly providing A.H. with therapy." *Id.*

Whether the notes are subject to the psychotherapist-patient privilege depends on the contents of the notes, not on Ms. Williams' subsequently testimony concerning the time periods of her therapy sessions. The Court therefore will inspect the notes from November 12, 2015, November 19, 2015, and December 3, 2015 *in camera,* to determine whether they are protected by the psychotherapist-patient privilege.

5

## II. CONCLUSION

For the foregoing reasons, the Court will not alter its prior rulings regarding the applicability of the psychotherapist-patient privilege. Plaintiffs are ordered to furnish to the Court for *in camera* inspection within one week copies of Ms. Williams' notes from November 12, 2015, November 19, 2015, and December 3, 2015. Copies of the documents may be submitted by email. Defendants' discovery motion otherwise is denied.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 16, 2018
Jefferson City, Missouri