UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| M.B., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-04102-NKL |
| | ) |
| Steve Corsi, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO MOTION TO STAY PENDING APPEAL OF CLASS CERTIFICATION ORDER**

i

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    A. Defendants Have Not Shown A Likelihood of Success On Appeal ............................. 2

    B. Defendants Fail To Identify Any Irreparable Injury ...................................................... 4

    C. The Ongoing Risk Of Harm To Plaintiffs Is Compounded With Each Passing Day ... 7

    D. The Public Interest Weighs Heavily Against A Stay .................................................. 10

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Plains All Am. Pipeline, L.P.*,
  No. 15-cv-4113, 2018 WL 4191409 (C.D. Cal. Aug. 28, 2018) ............................................... 5

*Associated Gen. Contractors of Ohio, Inc. v. Drabik*,
  50 F. Supp. 2d 741 (S.D. Ohio 1999) ................................................................................... 11

*Awad v. Ziriax*,
  670 F.3d 1111 (10th Cir. 2012) ............................................................................................. 11

*Beattie v. CenturyTel, Inc*,
  No. 02-cv-10277, 2006 WL 1722207 (E.D. Mich. June 20, 2006) ................................. 3, 4, 5

*Boswell v. Panera Bread Co.*,
  No. 14-cv-01833, 2015 WL 10662912 (E.D. Mo. Dec. 1, 2015). ............................................ 2

*Calvert v. Paniagua*,
  No. 17-cv-2, 2018 WL 2121508 (E.D. Mo. May 8, 2018) ...................................................... 8

*Costantino v. City of Atl. City*,
  152 F. Supp. 3d 311 (D.N.J. 2015) ......................................................................................... 7

*De Leon-Granados v. Eller & Sons Trees, Inc.*,
  No. 05-cv-1473, 2006 WL 8432449 (N.D. Ga. Nov. 17, 2006) ............................................... 3

*Doe by & through Frazier v. Hommrich*,
  No. 3-16-0799, 2017 WL 1091864 (M.D. Tenn. Mar. 22, 2017) ........................................... 11

*Elrod v. Burns*,
  427 U.S. 347 (1976) ................................................................................................................ 8

*Fitzgerald v. Barnstable Sch. Comm.*,
  555 U.S. 246 (2009) ................................................................................................................ 5

*Grayson v. City of Aurora*,
  No. 13-cv-1705, 2013 WL 6697769 (N.D. Ill. Dec. 19, 2013) ............................................... 6

*Hiltibran v. Levy*,
  No. 10-cv-4185, 2010 WL 6825306 (W.D. Mo. Dec. 27, 2010) ............................................. 8

*Hirschfeld v. Bd. of Elections in City of New York*,
  984 F.2d 35 (2d Cir. 1993) ...................................................................................................... 7

*In re Petrobras Securities Litig.*,
  193 F. Supp. 3d 313 (S.D.N.Y. 2016) ............................................................................... 3, 12

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
   286 F.R.D. 88 (D.D.C. 2012) ................................................................................... 4, 5, 6

*In re Wholesale Grocery Prod. Antitrust Litig.*,
   No. 09-MD-2090, 2016 WL 6246758 (D. Minn. Oct. 25, 2016) ................................... 3

*J.D. ex rel. Devantier v. Sherman*,
   No. 06-cv-4153, 2006 WL 3163053 (W.D. Mo. Oct. 27, 2006) ................................... 8

*Jackson Women's Health Org. v. Currier*,
   760 F.3d 448 (5th Cir. 2014) ...................................................................................... 11

*Johnson v. Geico Casualty Co.*,
   269 F.R.D. 406, (D. Del. 2010) .................................................................................... 2

*Jolly v. Coughlin*,
   76 F.3d 468, 482 (2d Cir. 1996) ................................................................................... 8

*Kai v. Ross*,
   336 F.3d 650 (8th Cir. 2003 .......................................................................................... 8

*Klay v. United States Healthgroup, Inc.*,
   376 F.3d 1092 (11th Cir. 2004) .................................................................................... 4

*Lair v. Bullock*,
   697 F.3d 1200 (9th Cir. 2012). ..................................................................................... 3

*Laufman v. Oakley Bldg. & Loan Co.*,
   72 F.R.D. 116 (S.D. Ohio 1976) ................................................................................... 6

*Lopez v. Heckler*,
   713 F.3d 1432 (9th Cir. 1893) .................................................................................... 11

*Mayo v. UBS Real Estate Sec., Inc.*,
   No. 08-cv-00568, 2011 WL 3109786 (W.D. Mo. July 26, 2011) ........................... 2, 4

*McAllister v. St. Louis Rams, LLC*,
   No. 16-cv-172, 2018 WL 2180247 (E.D. Mo. Apr. 9, 2018) ....................................... 6

*Medina v. City of Chicago*,
   100 F. Supp. 2d 893 (N.D. Ill. 2000) ............................................................................ 6

*Mich, State A. Philip Randolph Inst. v. Johnson*,
   833 F.3d 656 (6th Cir. 2016) ........................................................................................ 8

*Microsoft Corp. v. Baker*,
   137 S. Ct. 1702 (2017) .................................................................................................. 1

*Mitchell v. Cuomo*,
   748 F.2d 804 (2d Cir. 1984) .................................................................................................. 8

*Monaco v. Bear Stearns Cos.*,
   No. 09-cv-05438, 2012 WL 12506860 (C.D. Cal. Dec. 5, 2012) ............................................... 3

*Nationwide Biweekly Admin., Inc. v. Hubanks*,
   138 S. Ct. 1698 (2018) ........................................................................................................... 4

*Nationwide Biweekly Admin., Inc. v. Owen*,
   873 F.3d 716 (9th Cir. 2017) ................................................................................................... 4

*Nelson v. Wal-Mart Stores, Inc.*,
   No. 04-cv-00171, 2006 WL 3361212 (E.D. Ark. Nov. 20, 2006) ............................................ 6

*Nemnich v. Stangler*,
   No. 91-cv-4517, 1992 WL 178963 (W.D. Mo. Jan. 7, 1992) ................................................... 7

*Perrin v. Papa John's Int'l, Inc.*,
   No. 09-cv-1335, 2014 WL 306250 (E.D. Mo. Jan. 28, 2014) .................................................. 2

*Plata v. Schwarzenegger*,
   No. C01-1351 TEH, 2008 WL 4847080 (N.D. Cal. Nov. 7, 2008) ........................................ 11

*Prado-Steiman ex rel. Prado v. Bush*,
   221 F.3d 1266, (11th Cir. 2000). ............................................................................................ 2

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
   415 U.S. 1 (1974) ................................................................................................................... 4

*S Strauss, Inc. v. United Food & Commercial Workers Union, Local 342*,
   502 F. Supp. 2d 567 (E.D.N.Y. 2007) ................................................................................... 11

*Sierra Forest Legacy v. Rey*,
   691 F. Supp. 2d 1204, (E.D. Cal. 2010). ................................................................................ 2

*Simmons v. Blodgett,*
   910 F. Supp. 1519 (W.D. Wash. 1996) ................................................................................. 11

*Spencer Ung v. Universal Acceptance Corp.*,
   No. 15-cv-127, 2016 WL 9307090 (D. Minn. June 15, 2016) ................................................ 2

*Todd by Todd v. Sorrell*,
   841 F.2d 87 (4th Cir. 1988) .................................................................................................. 11

*United States v. Alcan Aluminum Corp.*,
   990 F.2d 711 (2d Cir. 1993) ................................................................................................. 11

*Wal-Mart Stores, Inc. v. Dukes,*
   564 U.S. 338 (2011) .................................................................................................... 5

*Williams v. Illinois*,
   399 U.S. 235 (1970) .................................................................................................. 11

**Other Authorities**

*Manual for Complex Litigation* (4th ed. 2004) ................................................................ 1

Wright & Miller, *Federal Practice and Procedure* (1973) ............................................. 8

**Rules**

Fed. R. Civ. 23(f) .............................................................................................................. 1

Fed. R. Civ. P. 23(f) committee note ............................................................................... 1

# INTRODUCTION

Defendants' motion to stay all proceedings pending a final ruling on their interlocutory appeal of this Court's class certification decision should be denied because Defendants have failed to satisfy any of the required elements for obtaining this extraordinary relief. The lynchpin of Defendants' argument is that they should be relieved of the routine expense of discovery because the Eighth Circuit *might* reverse this Court's class certification order and Defendants then *might* be able to avoid ever litigating the validity of their systemic practices that are alleged to violate Plaintiffs' substantive and procedural due process rights. Defendants then make the blanket assertion that Plaintiff children, who "are at particularly serious risk of long-lasting adverse effects," including "psychosis, seizures, irreversible movement disorders, suicidal thoughts, aggression, weight gain, organ damage, and other life-threatening conditions," cannot establish *any* "material harm" from further delay in this case that might outweigh Defendants' own fiscal concerns. Order on Motion to Dismiss, Dkt. No. 91, at 3; Defendants' Suggestions in Support of Motion to Stay Pending Appeal of Class Certification Order, Dkt. No. 202, at 8-9 ("Defs.' Sugg."). These arguments fail for a number of reasons, most notably, the perpetuation of the acknowledged ongoing risk of harm to the Named Plaintiffs and children in the Plaintiff Class and the fact that the appeal will make no meaningful difference to the remaining scope of discovery.

# ARGUMENT

"Rule 23(f) avoids delay not only by limiting class-certification appeals to those permitted by the federal court of appeals, but also by specifying that '[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1713 n.9 (2017) (quoting Fed. R. Civ. 23(f)). Thus, the grant of a Rule 23(f) petition "does not automatically impose a stay, either during the pendency of the petition or during any appeal that the court of appeals permits." *See Manual for Complex Litigation* § 21.28 (4th ed. 2004); *see also* Fed. R. Civ. P. 23(f) committee note ("Permission to appeal does not stay trial court proceedings."). "First, stays of litigation are the exception, not the rule."

1

*Spencer Ung v. Universal Acceptance Corp.*, No. 15-cv-127, 2016 WL 9307090, at *1 (D. Minn. June 15, 2016). And "in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000).

To obtain a stay of a court's class certification decision pending interlocutory appeal, the party seeking the stay has the burden of making a showing akin to what is required for the granting of a preliminary injunction. The party must show: "(1) the party is likely to succeed on the merits of its appeal; (2) the party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay." *Boswell v. Panera Bread Co.*, No. 14-cv-01833, 2015 WL 10662912, at *1 (E.D. Mo. Dec. 1, 2015). "Consistent with the principal that preliminary injunctions are considered to be extraordinary relief, a stay pending appeal under Rule 23(f) should not be granted as a matter of course." *Johnson v. Geico Casualty Co.*, 269 F.R.D. 406, 412 (D. Del. 2010) (citation and internal quotation marks omitted).

### A. Defendants Have Not Shown A Likelihood of Success On Appeal

Despite acknowledging that "[t]he party seeking a stay pending appeal has the burden of demonstrating that . . . it is *likely to succeed* on the merits of its appeal," Defs.' Sugg. at 3 (quoting *Perrin v. Papa John's Int'l, Inc.*, No. 09-cv-1335, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014)) (emphasis added), Defendants fail to argue, let alone demonstrate, anything more than a mere possibility of success on the merits of their petition.

First, other than regurgitating the arguments that this Court already considered and rejected and then asserting that the Eighth Circuit granted permission to appeal to decide these "important and unsettled questions," Defs.' Sugg. at 4, Defendants do not offer any "argument or explanation of how th[e] Court erred." *Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1208 (E.D. Cal. 2010). This is plainly insufficient. *Mayo v. UBS Real Estate Sec., Inc.*, No. 08-cv-00568, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011) ("Although Plaintiff argues the class certification ruling is incorrect, he does not explain how or why it was erroneous, much less how any error rose

2

to the level of an abuse of discretion, which is the standard of review on a class certification order."); *In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090, 2016 WL 6246758, at *2 (D. Minn. Oct. 25, 2016) ("Assuming without deciding that the Eighth Circuit grants Defendants' Rule 23(f) petition, Defendants have not shown they are likely to succeed on the merits of their appeal. Rather, Defendants merely repeat the same arguments as those already considered and rejected by this Court when granting class certification.").

Absent such reasoning, Defendants rely heavily on the untenable assertion that the grant of their petition somehow satisfies this factor because "[t]he Eighth Circuit presumably does not waste time with Rule 23(f) appeals where the issues are unsubstantial or the movant has little chance of prevailing." Defs.' Sugg. at 5. This generalized supposition, however, falls far short of the showing required, demonstrating nothing more than a "mere possibility" that the Eighth Circuit will rule in their favor. *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). While the Eighth Circuit's grant of the petition may "indicate[] that the appeal is not frivolous," merely allowing Defendants permission to appeal "does not establish that Defendants[] are likely to prevail on the merits." *De Leon-Granados v. Eller & Sons Trees, Inc.*, No. 05-cv-1473, 2006 WL 8432449, at *2 (N.D. Ga. Nov. 17, 2006); *see also Monaco v. Bear Stearns Cos.*, No. 09-cv-05438, 2012 WL 12506860, at *2 (C.D. Cal. Dec. 5, 2012). Otherwise, "[t]he inquiry of whether to grant interlocutory appeal" would merely "parallel the consideration whether proceedings should be stayed," which it does not. *Beattie v. CenturyTel, Inc*, No. 02-cv-10277, 2006 WL 1722207, at *4 (E.D. Mich. June 20, 2006).[1]

---

[1] Indeed, Defendants' argument that the petition was granted not to correct an abuse of discretion but to clarify "important and unsettled questions," Defs.' Sugg. at 4, cuts in favor of *denying* their motion, not against. *In re Petrobras Securities Litig.*, 193 F. Supp. 3d 313, 316 (S.D.N.Y. 2016) ("[T]he second issue raised by defendants is already the subject of two pending appeals . . . and so certification may well have implicated a pressing legal question, which would not bear on defendants' likelihood of success.").

3

### B. Defendants Fail To Identify Any Irreparable Injury

Also notably missing from Defendants' brief is any plausible argument that, absent a stay, they would face irreparable injury. Indeed, the only "harm" that Defendants identify is the "considerable amount of resources" being consumed by this case, Defs.' Sugg. at 6, and Defendants' desire for a respite from their discovery obligations.

It has long been established that "mere injuries, however substantial, in terms o[f] money, time and energy necessarily expended in the absence of a stay, are not enough'" to establish "any injury at all, much less irreparable injury." *Klay v. United States Healthgroup, Inc.*, 376 F.3d 1092, 1112 n.20 (11th Cir. 2004); *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 736 n.20 (9th Cir. 2017) ("[M]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)), *cert. denied sub nom. Nationwide Biweekly Admin., Inc. v. Hubanks*, 138 S. Ct. 1698 (2018); *Mayo*, 2011 WL 3109786, at *2 (denying a motion to stay and stating that "[t]he prospect of incurring higher litigation expenses is not grounds to bypass the normal appeals process"). Indeed, "if the specter of having to try a case twice was an irreparable injury, then there would be an irreparable injury anytime a party wanted to pursue a discretionary appeal of an adverse pre-trial order, which would vitiate this prong of the analysis." *Mayo,* 2011 WL 3109786, at *2.

Defendants' litigation costs not only are not irreparable, they also are speculative given Defendants' uncertain chances of success. Even in the unlikely event that the Eighth Circuit rules in Defendants' favor and articulates a new legal standard for class certification, Defendants make no showing that such a ruling would end the case or Plaintiffs' ability to proceed as a class. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C. 2012) (denying stay where "litigation will almost certainly proceed. . . . even if the certification decision is reversed or modified"); *Beattie*, 2006 WL 1722207, at *5 (refusing to grant a stay where "th[e] case would continue in this Court in some form regardless of whether the court of appeals overturns the grant of class certification").

Defendants are also incorrect that the remaining pretrial work will be "wasted if the Eighth Circuit decides to decertify or narrow the proposed class." Defs.' Sugg. at 7. The ruling on the standard for class certification will not affect the liability standard at trial, *see Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 367 (2011) (noting that the application of Rule 23 cannot "modify any substantive right" (citation omitted)), and the Named Plaintiffs stand ready and willing to proceed with their individual claims for relief irrespective of the Eighth Circuit's decision. *Andrews v. Plains All Am. Pipeline, L.P.*, No. 15-cv-4113, 2018 WL 4191409, at *5 (C.D. Cal. Aug. 28, 2018) (denying stay because "were the oil-industry subclass to be decertified, the named plaintiffs would still have individual causes of action"); *In re Rail Freight*, 286 F.R.D. at 93 (no irreparable harm where "litigation will almost certainly proceed in this case, even if the certification decision is reversed or modified"); *Beattie*, 2006 WL 1722207, at *6 ("There is no cause to prevent the plaintiffs from conducting discovery on that portion of the case that would likely survive *any* decision of the Sixth Circuit on interlocutory appeal.").

It is likewise simply untrue that this case "may change dramatically as a result of the appeal." Defs.' Sugg. at 2. Because the absence of a class action in no way relieves Plaintiffs of their obligation to establish the systemic nature of the misconduct at issue under a "custom, policy, or practice" theory of supervisory liability, *see, e.g.*, *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009), this Court would need to answer *exactly* the same questions that it identified in its class certification order regardless of whether the Court adjudicates Plaintiffs' individual claims or those of the class:

- "Whether Defendants have a policy or practice of inadequately monitoring the administration of psychotropic medications to children in CD's foster care custody by failing to maintain complete, current, and reasonably accessible medical records, including medication history, for those children and to provide these records to foster caregivers and health care providers to facilitate the effective delivery of health services";

- "Whether Defendants have a policy or practice of inadequately monitoring the administration of psychotropic medications to children in CD's foster care custody by failing to operate a secondary review system capable of timely identifying and addressing outlier prescribing practices for purposes of assuring the safety of those children";

5

- "Whether Defendants fail to maintain a policy or practice for the provision of adequate notice and a meaningful opportunity to be heard before children in foster care are administered psychotropic medications"; and
- "Whether Defendants[] fail to maintain a policy and practice providing for periodic review or reconsideration of the prescription and administration of psychotropic medications to children in foster care."

Order Granting Class Certification, Dkt. No. 183, at 11-12 ("Order"). Thus, the same expert testimony and evidence will be relevant at summary judgment and at trial regardless of the existence of a class or its size. *In re Rail Freight*, 286 F.R.D. at 93 (denying a stay in part because "some, perhaps most, of the parties' work in preparing expert discovery, *Daubert* motions, and summary judgment briefs will be of use even if the defendants prevail on their appeal"); *McAllister v. St. Louis Rams, LLC*, No. 16-cv-172, 2018 WL 2180247, at *1 (E.D. Mo. Apr. 9, 2018) (denying motion for stay and noting that the remaining "discovery . . . is unlikely to have been 'useless,' even in the event that the Eighth Circuit . . . reverses class certification, because such discovery would still be relevant to individual claims").

Further, Defendants are incorrect when they insinuate that Plaintiffs would somehow lose their right to relevant discovery if they proceed only on an individual rather than class-wide basis. "The [P]laintiffs in this case are entitled to discover facts relating to [D]efendants' policies and practices . . . *whether the present case is a class action or not*." *Laufman v. Oakley Bldg. & Loan Co.*, 72 F.R.D. 116, 121 (S.D. Ohio 1976) (emphasis added); *see also Nelson v. Wal-Mart Stores, Inc.*, No. 04-cv-00171, 2006 WL 3361212, at *3 (E.D. Ark. Nov. 20, 2006) (holding that, in a case alleging a pattern and practice of employment discrimination, other applicants' hiring files were "directly relevant . . . regardless of whether class certification [was] granted"). It is well established that "[t]he decision of a plaintiff to pursue a *Monell* claim carries with it a heavy burden of discovery and proof," and district courts "routinely recognize" the "broad and substantial amount of discovery" that these claims require. *Grayson v. City of Aurora*, No. 13-cv-1705, 2013 WL 6697769, at *2 (N.D. Ill. Dec. 19, 2013) (quoting *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 894 (N.D. Ill. 2000)). In fact, courts have allowed far broader and more burdensome discovery in cases bringing individual supervisory-liability claims than the relatively modest discovery

requests that Plaintiffs have propounded thus far. *Costantino v. City of Atl. City*, 152 F. Supp. 3d 311, 316, 333 (D.N.J. 2015) (compelling defendants to produce at their own cost, all of Atlantic City's Internal Affairs files from 2003 to December 31, 2014 – totaling more than 2,000 – because such files were "vital" to establishing in an individual plaintiff's *Monell* case that Atlantic City "has a custom, practice and policy of acquiescing in the habitual use of excessive force and the filing of false criminal charges by police officers").

Finally, to the extent that Defendants lament the "enormous amount of work that must be done" by Defendants "to complete discovery," Defs.' Sugg. at 7, this is a problem of Defendants' own making. *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (denying stay where "the irreparability [was] a product of the moving party's own delay"). Plaintiffs agreed to seek joint amendment of the Scheduling Order to allow Defendants "more time for the collection, review, and production of hundreds of thousands of documents," Defs.' Sugg. at 6, based on Defendants' representation that their production in response to Plaintiffs' long-outstanding discovery requests would be completed by late September. Joint Motion for Extension, Dkt. No. 167, at 3. Further, in granting the extension, the Court admonished both orally and in writing that "the parties are expected to devote the resources necessary" to comply with the revised schedule. Minute Entry, Dkt. No. 172. Despite that warning, Defendants' productions remain incomplete, and many of the documents that have been produced are currently inaccessible due to technical errors in Defendants' latest production. Defendants' request for a stay is just one more thinly veiled attempt to further disrupt the progress of the litigation.

### C. The Ongoing Risk Of Harm To Plaintiffs Is Compounded With Each Passing Day

Even if Defendants' fiscal concerns were sufficient to establish irreparable injury, the ongoing deprivation of Plaintiffs' substantive and procedural due process rights along with their continued "expos[ure] to a grave risk of severe physical and psychological harm because of the state's policies and practices," Order at 2, "clearly outweigh[] any fiscal harm the state may suffer." *Nemnich v. Stangler*, No. 91-cv-4517, 1992 WL 178963, at *3 (W.D. Mo. Jan. 7, 1992);

*see also J.D. ex rel. Devantier v. Sherman*, No. 06-cv-4153, 2006 WL 3163053, at *8 (W.D. Mo. Oct. 27, 2006) (Laughrey, J.).

It has long been established that the deprivation of constitutional rights "for even minimal periods of time" "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Mich, State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 669 (6th Cir. 2016) ("When constitutional rights are threatened or impaired, irreparable injury is presumed." (internal quotation marks omitted)); *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) ("The district court therefore properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary" (quoting Wright & Miller, *Federal Practice and Procedure*, § 2948 at 440 (1973)); *Calvert v. Paniagua*, No. 17-cv-2, 2018 WL 2121508, at *11 (E.D. Mo. May 8, 2018) ("[T]he deprivation of Plaintiff's constitutional rights under the Eighth Amendment is alone sufficient to establish irreparable harm.").

While the continuing injury to Plaintiffs' constitutional rights alone cautions against a stay, the need for timely relief could not be more pressing where Plaintiffs are foster children who face ongoing "grave risk of severe physical and psychological harm." Order at 2. Danger to the health of any human being, let alone a child, not only qualifies as substantial, but also irreparable, harm. *Kai v. Ross*, 336 F.3d 650, 656 (8th Cir. 2003) ("[T]he danger to plaintiffs' health, and perhaps even their lives, gives them a strong argument of irreparable injury."); *Hiltibran v. Levy*, No. 10-cv-4185, 2010 WL 6825306, at *6 (W.D. Mo. Dec. 27, 2010) (Laughrey, J.) ("The potential harm to Plaintiffs' health and physical condition . . . is irreparable."); *J.D. ex rel. Devantier*, 2006 WL 316053, at *7 (Laughrey, J.) (holding that "a meaningful risk to [a child's] health . . . is irreparable harm").

"Psychotropic drugs are powerful medications that directly affect the central nervous system," Order at 2, and "should be administered only when necessary." *Id*. at 1. The side effects of these drugs, which are "particularly potent when administered to children," include everything

8

from "psychosis, seizures, irreversible movement disorders, [and] suicidal thoughts," to "aggression, weight gain, [and] organ damage." *Id.* at 2; *see also id.* at 1 ("These drugs leave the children vulnerable to various serious adverse effects, including hallucinations, self-harm and suicidal thoughts, and such life-shortening illnesses as type 2 diabetes."). And even beyond the long list of already *known* side effects – which include both "irreversible" and "life-threatening" conditions, *id.* – "[t]he full risk posed to children by psychotropic drugs is not even fully understood as of yet," *id.* at 2. Finally, "[t]he longer a child is on a given psychotropic medication, the greater the number of adverse effects." *Id.* at 3.

Defendants attempt to downplay the severity and urgency of these harms by asserting that "[e]ven if one or both parties seek short briefing extensions, Defendants have no reason to believe that [the] Eighth Circuit will take an unusually long period of time to render a decision." Defs.' Sugg. at 9. But this ignores that the appeal could easily take numerous months if not over a year. In just the last three years since Plaintiffs' counsel began this investigation, for instance, Named Plaintiff K.C. ▋

▋ – all documented side effects of psychotropics, s*ee*, *e.g.*, Ex. H at 36-41, 44-45; Ex. I at 3-5; Ex. J at 1.

K.C. is just one example in a record replete with thousands. ▋

9



[redacted]² 

In the face of these severe, and potentially permanent and life-threatening, side effects and direct effects on children's central nervous systems, it is simply unacceptable for any more time to pass without even a minimally adequate system of oversight.

### D. The Public Interest Weighs Heavily Against A Stay

Finally, Defendants argue that public policy will be advanced by staying this case for an indeterminate length of time, citing to a desire to avoid wasted resources and to promote judicial economy. But judicial economy is *not* best served by derailing the course of the litigation and postponing discovery that will need to be completed regardless. *See infra* at pp. 6-7. Further, even

---

² [redacted]

if further delay in trial preparation would in fact promote judicial economy, the public's interest in "'judicial economy may be outweighed by other substantive policies,' such as a concern for public health and safety." *S Strauss, Inc. v. United Food & Commercial Workers Union, Local 342*, 502 F. Supp. 2d 567, 575 (E.D.N.Y. 2007) (quoting *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 719 (2d Cir. 1993) (internal quotation marks omitted)). *Cf. Simmons v. Blodgett*, 910 F. Supp. 1519, 1524 (W.D. Wash. 1996) ("Balanced against the significant harms that may arise from further delay are relatively weak jurisprudential concerns."), *aff'd*, 110 F.3d 39 (9th Cir. 1997), *as amended* (Apr. 18, 1997).

In focusing solely on the time and resources that are routinely required for any complex litigation, Defendants ignore the far more relevant and pressing public policy of preventing further harm to foster children in Missouri who are or will be prescribed psychotropic medications and who continue to languish without relief. Any "financial concerns" cannot outweigh "preventable human suffering." *Lopez v. Heckler*, 713 F.3d 1432, 1437 (9th Cir. 1893); *Todd by Todd v. Sorrell*, 841 F.2d 87, 88 (4th Cir. 1988) (holding that harm "measured only in money" was "inconsequential by comparison" to a potentially fatal harm to the plaintiffs); *Plata v. Schwarzenegger*, No. C01-1351 TEH, 2008 WL 4847080, at *5 (N.D. Cal. Nov. 7, 2008) (holding that "financial hardship cannot outweigh" the interest in preventing "human suffering").

Nor can such concerns outweigh the public's very strong interest in "[p]rotection of children from violations of constitutional rights." *Doe by & through Frazier v. Hommrich*, No. 3-16-0799, 2017 WL 1091864, at *3 (M.D. Tenn. Mar. 22, 2017); *see also Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 50 F. Supp. 2d 741, 772 (S.D. Ohio 1999) ("The public interest in this case is represented by the principles embodied in the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In this case, the public interest would not be served but instead violated if the court were to grant the requested stay."); *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012)); *Williams v. Illinois*, 399 U.S. 235, 245 (1970) ("The constitutional

11

imperatives of the Equal Protection Clause must have priority over the comfortable convenience of the status quo.").

In short, the public interest is best "served by the speedy and effective administration of justice" in this case. *In re Petrobras Sec.*, 193 F. Supp. 3d at 318.

## **CONCLUSION**

For the reasons described above, Plaintiffs request that this Court deny Defendants' Motion to Stay Pending Appeal of Class Certification Order in the instant case pending resolution of Defendants' Rule 23(f) Petition.

DATED: September 20, 2018

>
> Respectfully Submitted,
>
> CHILDREN'S RIGHTS, INC.
>
> */s/ Samantha M. Bartosz*
> Samantha M. Bartosz, *admitted pro hac vice*
> Elizabeth Pitman Gretter, *admitted pro hac vice*
> Stephen Dixon, *admitted pro hac vice*
> Aaron Finch, *admitted pro hac vice*
> Erin McGuinness, *admitted pro hac vice*
> Danielle Rosenthal, *admitted pro hac vice*
> Daniele Gerard, *admitted pro hac vice*
> Jonathan King, *admitted pro hac vice*
> 88 Pine Street, Suite 800
> New York, New York 10005
> (212) 683-2210
> (212) 683-4015 (fax)
> sbartosz@childrensrights.org
> egretter@childrensrights.org
> sdixon@childrensrights.org
> afinch@childrensrights.org
> emcguinness@childrensrights.org
> drosenthal@childrensrights.org
> dgerard@childrensrights.org
> jking@childrensrights.org
>
> SAINT LOUIS UNIVERSITY LEGAL CLINIC

John J. Ammann, MO Bar No. 34308
100 N. Tucker Blvd., Suite 704
Saint Louis, MO 63101-1911
(314) 977-2778
(314) 977-1180 (fax)
ammannjj@slu.edu
NATIONAL CENTER FOR YOUTH LAW

William Grimm, *admitted pro hac vice*
Leecia Welch, *admitted pro hac vice*
Poonam Juneja, *admitted pro hac vice*
405 14th Street, 15th Floor
Oakland, California 94612
(510) 835-8098
(510) 835-8099 (fax)
billgrimm@youthlaw.org
lwelch@youthlaw.org
pjuneja@youthlaw.org

MORGAN, LEWIS & BOCKIUS LLP

Scott T. Schutte, *admitted pro hac vice*
Daniel T. Fahner, *admitted pro hac vice*
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
(312) 324-1000
scott.schutte@morganlewis.com
daniel.fahner@morganlewis.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing, together with any attachments, was filed electronically with the Clerk of the court on September 20, 2018, to be served by operation of the Court's electronic filing system upon all parties.

*/s/ Samantha M. Bartosz*
Samantha M. Bartosz