IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| M. B., by his next friend ERICKA EGGEMEYER, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No. 17-04102-CV-C-NKL<br>) |
| JENNIFER TIDBALL, *et al.*, | )<br>) |
| Defendants. | ) |

<u>REPORT AND RECOMMENDATION</u>

Pending before this Court is the parties' Join Motion for Final Approval of Class Action Settlement and Suggestions in Support. (Doc. #304.) Previously, on July 15, 2019, the Court entered an Order Granting Preliminary Approval of Settlement Agreement, Setting Hearing, and Directing Class Notice. (Doc. #282.) Pursuant to Magistrate Act, 28 U.S.C. § 636, and Local Rule 72.1, the Honorable Nanette K. Laughrey, United States District Judge, referred the matter to the undersigned judge for purposes of conducting the final fairness hearing. (Doc. #309.) On November 20, 2019, the undersigned conducted a final fairness hearing pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court makes the following findings and recommendations:

On June 12, 2017, Plaintiffs filed their Complaint for Injunctive and Declaratory Relief and Request for Class Action. (Doc. #1.) Plaintiffs identified the class as "all children under the age of eighteen who are or will be placed in the foster care custody of the state of Missouri following reports that they have suffered child abuse or neglect." (Doc. #1 at ¶63.) Plaintiffs alleged violations of Plaintiffs' substantive and procedural due process rights under the United States Constitution. (Doc. #1 at ¶¶125-134.) An Amended Complaint was filed on July 3, 2017. (Doc. #22.) The class was similarly defined in the Amended Complaint and brought both

substantive and procedural due process claims as well as an added claim for violation of Plaintiffs' rights under the Federal Adoption Assistance and Child Welfare Act, 42 U.S.C. §§ 621 *et seq.*, 670 *et seq.* (Doc. #22, ¶¶67, 130-143.) Plaintiffs sought only declaratory and injunctive relief.

Defendants filed a Motion to Dismiss the First Amended Complaint. (Doc. #33.) On January 8, 2018, the Court issued an order denying Defendants' motion "as to the substantive due process claim, except that claims relating to informed consent are dismissed without prejudice and denied as to the procedural due process claim. The motion to dismiss is granted with prejudice as to the claim alleging violation of the Child Welfare Act." (Doc. #91 at 33.) Thereafter, Defendants filed an Answer to the First Amended Complaint and a subsequent Amended Answer. (Doc. ##98, 102.)

After extensive briefing on the motion for class certification (Docs. ##113, 144, 154), the Court issued an order certifying the class on July 19, 2018. (Doc. #183.) The class consists of "all children in Children's Division foster care custody who presently are, or in the future will be, prescribed or administered one or more psychotropic medications while in state care." (Doc. #183 at 19.) On August 3, 2018, Defendants filed a Petition for Permission to Appeal Order Granting Class Action Certification, which was granted on August 22, 2018. (Doc. ##192, 199.) The interlocutory appeal is fully briefed and was argued to the Eighth Circuit on April 18, 2019. (Doc. #304 at 6.) The parties notified the Eighth Circuit of the settlement agreement and the Eighth Circuit issued a stay of appeal pending the district court's decision on the parties' motion for approval of the settlement agreement. (Doc. #281.) The parties intend to formally dismiss or otherwise resolve the appeal upon final approval of the Settlement Agreement. (Doc. #304 at 2, n. 1.)

The parties participated in a mediation session in late 2017 with Professor James Levin at the University of Missouri. (Doc. #304 at 2.) On June 14, 2018, the Court entered an order directing the parties to participate in mediation before the Director of the Mediation and Assessment Program, Jill Morris. (Doc. #174.) Under the guidance of Director Morris, the parties engaged in multiple mediation sessions and engaged outside experts to assist in the negotiations. (Doc. #304 at 3; Doc. #312 at 11-12.) The resulting Settlement Agreement is a well-informed, comprehensive agreement with concrete benchmarks. (Doc. #304-1 at 2-35.)

The Settlement Agreement calls for the following: specific training on psychotropic medications for staff and resource providers (Doc. #304-1 at 7-8); medication monitoring (Doc. #304-1 at 9); the development and operation of systems to maintain medical records, as well as to make such records available to the child's treatment team (Doc. #304-1 at 9-11); a secondary review process for prescriptions of psychotropic medications prescribed to children in the legal custody of the Children's Division (Doc. #304-1 at 11-15); the development of policies governing informed consent and informed assent (Doc. #304-1 at 15-21); the creation and maintenance of a Psychotropic Medication Advisory Committee (Doc. #304-1 at 21-23); and the development and implementation of excessive dosage guidelines (Doc. #304-1 at 23-24). The Settlement Agreement further provides for data validation, enforcement of the Settlement Agreement and criteria for exit from certain provisions of the Settlement Agreement and for requesting termination of Court jurisdiction over the Settlement Agreement. (Doc. #304-1 at 24-28.) Finally, the Settlement Agreement contemplates dismissal of Plaintiffs' remaining claims against Defendants with the Court retaining jurisdiction for purposes of enforcing the terms of the Settlement Agreement. (Doc. #304-1 at 4.)

On July 15, 2019, the Court, in consideration of the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Suggestions in Support (Doc. #280), entered an order granting preliminary approval of the Settlement Agreement, approving of the Notice of Proposed Class Action Settlement as well as the manner in which notice was to be provided to Class members, and set the date for the final fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. (Doc. #282 at 2.)

On November 6, 2019, the Parties filed a Joint Motion for Final Approval of Class Action Settlement and Suggestions in Support, in which they request that the Court enter final approval of the Settlement Agreement. (Doc. #304.) On November 20, 2019, the undersigned held a final fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

At the hearing, the undersigned heard argument in support of the Settlement Agreement and heard from ten class members and/or stakeholders. (Doc. #312.) The witnesses conveyed their experience with the child welfare system and the use of psychotropic medication in the system. (Doc. #312 at 21-51.) In response to many of the witnesses, counsel detailed how the Settlement Agreement addressed the witnesses' concerns. (Doc. #312 at 22-23, 25-26, 31-34, 37-40, 42, 44-46, 51-53.) One witness, Al Greimann,[1] Executive Vice President, Compass Health Network, President/Chief Executive Officer at Royal Oaks Hospital, and Chair of the Missouri Hospital Association Network of Inpatient Psychiatric Hospitals/Units, testified about his hospital's experience dealing with juveniles in the custody of Children's Division who require inpatient psychiatric hospitalization and the use of psychotropic drugs during the hospitalization. (Doc. #312 at 27-30.) Mr. Greimann noted that in recent months he and others have met with the

---

[1] Mr. Greimann provided the undersigned with his written testimony, much of which he read from while testifying. The written testimony has been added as Court Exhibit #1.

4

Children's Division to discuss these issues. (Doc. #312 at 31.) In response, he and other leaders from the Missouri Hospital Association were invited to participate in the Psychotropic Medication Advisory Committee, which was created as a result of the Settlement Agreement. (Doc. #312 at 31.) The undersigned did not hear from anyone opposed to the Settlement Agreement.

At the hearing, the undersigned inquired as to whether the parties wished to waive the 14-day period within which to object to a Report and Recommendation, and the parties waived the 14-day period for objection period. (Doc. #312 at 53-54.)

After hearing the evidence and arguments of counsel and reviewing the pleadings and filings, the undersigned recommends that the Court, after making an independent review of the record and applicable law, enter an order:

1. Finding the Settlement Agreement is fair, reasonable, and adequate in light of the benefits to the Class Members, the complexity, expense and probable duration of further litigation, the inherent risk and delay in litigation and the appeals process, and the benefit to the public interest;

2. Approving and executing the Settlement Agreement and enter the Settlement Agreement as a final judgment and order of the Court;

3. Dismissing the action with prejudice; and

4. Retaining jurisdiction for purposes of enforcing the terms as set forth in the Settlement Agreement.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE